Jacquelin Sue **FARLEY** and Shirley Sue Crabtree, Appellants,

v.

William E. **WILLIAMS**, Appellee.

No. 7565.

United States Court of Appeals Fourth Circuit.

Argued Jan. 23, 1958.

Decided Feb. 12, 1958.

Ben B. White, Jr., and William H. Sanders, Princeton, W. Va. (Sanders & White, Princeton, W. Va., on the brief), for appellants.

Joseph M. Sanders, Jr., Bluefield, W. Va. (Joseph M. Sanders, and Sanders, Smoot & Sanders, Bluefield, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal in an automobile collision case tried by the judge below without a jury. The plaintiff was injured when the car of the defendants made a left turn in front of the car in which he was riding and which was being driven by his brother. The sole question in the case was whether the collision was proximately caused by the negligence of the defendant Crabtree, the driver of the defendant Farley's car. The crucial facts as found by the trial judge were as follows:

"That when defendant Crabtree started her turn to the left, she did not see said Williams' car approaching, for the reason that she, defendant Crabtree, was not looking in the direction of the approaching Williams car; that defendant Crabtree was negligent in turning said car to the left and across the northbound lane of travel in front of the approaching Williams car, at a time when, had she, defendant Crabtree, looked, she could have seen the Williams car approaching; that the Williams car collided with the right rear end of the Farley car, and at the time of said collision the Williams car was entirely on the hard surface of the highway and was traveling in the northbound lane of travel; that when the Farley car turned across the highway in front of the Williams car, that the Farley car was traveling approximately ten miles per hour; that as the Williams car approached the scene of said accident, it was not being driven at an excessive or dangerous rate of speed; that the turning of the Farley car into the northbound lane of travel, created a sudden emergency for Clarence Williams, and in trying to avoid colliding with the Farley car, the said Clarence Williams veered his car to the left, and it struck the

right rear of the Farley car and went out of control, and as a result thereof the Williams car collided with the Woods car; that said collision between the Williams car and the Woods car was the direct and proximate result of the negligence of defendant Crabtree in turning the Farley car across the highway in front of the Williams car; that Clarence Williams, the driver of the car in which plaintiff was riding at the time of said accident, was not negligent in any way; that the negligence of defendant Crabtree was the proximate cause of plaintiff's injuries."

These findings were amply supported by the evidence in the case, although there was conflict in the testimony as to some of them; and there is nothing in the record which would justify us in holding any of them to be clearly erroneous. The judgment in favor of plaintiff will accordingly be affirmed.

Affirmed.